# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

FILED
MAR 1 2 2021
IN THIS OFFICE
Clerk U.S. District Court
Greensboro NC
By _____

Case No. _____ 21 CV 202 _____

(to be filled in by the Clerk's Office)

Joaquin Vega-Rodriguez Jr.

Plaintiff(s)

(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Forsyth County Sheriff Department et.al.

Defendant(s)

(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

1. Forsyth County sheriffs Department
2. Bobby F. Kimbrough
3. Rocky Joyner
4. Robert E. Slater
5. Richard Carleton
6. Billy Warren
7. WellPath Health Care

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name    Joaquin Vega-Rodriguez Jr.

All other names by which you have been known:

ID Number    1086581

Current Institution    Forsyth County Law Enforcement Detention Center

Address    201 North Church Street

Winston-Salem    NC    27101
<br>*City*    *State*    *Zip Code*

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

Name    Forsyth County Sheriff Department

Job or Title *(if known)*    Law Enforcement Sheriff Agency

Shield Number

Employer    Forsyth County

Address    301 North Church Street

Winston-Salem    NC    27101
<br>*City*    *State*    *Zip Code*

[✓] Individual capacity    [✓] Official capacity

**Defendant No. 2**

Name    Bobby F. Kimbrough

Job or Title *(if known)*    Sheriff of Forsyth County

Shield Number

Employer    Forsyth County Sheriff Department

Address    301 North Church Street

Winston-Salem    NC    27101
<br>*City*    *State*    *Zip Code*

[✓] Individual capacity    [✓] Official capacity

Case 1:21-cv-00202-NCT-JLW    Document 2    Filed 03/12/21    Page 3 of 26

Defendant No. 3

| | |
|---|---|
| Name | Rocky Joyner |
| Job or Title *(if known)* | Chief Deputy |
| Shield Number | |
| Employer | Forsyth County Sheriff Department |
| Address | 301 North Church Street |
| | Winston-Salem    N/C    27101 |
| | *City*     *State*     *Zip Code* |

☑ Individual capacity    ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Robert E. Slater |
| Job or Title *(if known)* | Director of Detention Service Bureau |
| Shield Number | |
| Employer | Forsyth County Sheriff Department |
| Address | 301 North Church Street |
| | Winston-Salem    N/C    27101 |
| | *City*     *State*     *Zip Code* |

☑ Individual capacity    ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

see Attached

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

NA

I.B Defendant(s)   Page 2 of 11 (Attached)

Defendant No. 5
    Name          Richard Carleton
    Job or Title  Director of Detention Service Bureau (Major)
    Shield Number  —
    Employer      Forsyth County Sheriff Department
    Address       201 North Church Street
                  Winston-Salem          NC          27101
                  City                   State       Zip Code

            ☑ Individual Capacity    ☑ Official Capacity

Defendant No. 6.
    Name          Billy Warren
    Job or Title  Captain
    Shield Number  —
    Employer      Forsyth County Sheriff Department
    Address       201 North Church Street
                  Winston-Salem          NC          27101
                  City                   State       Zip Code

            ☑ Individual Capacity    ☑ Official Capacity

Defendant No. 7
    Name          WellPath Health Care
    Job or Title  Medical Provider
    Shield Number
    Employer      H+G Capital Equity Firm
    Address       1283 Murfreesboro Road
                  Nashville              TN          37217
                  City                   State       Zip code

            ☑ Individual Capacity    ☑ Official Capacity

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*See Attached*

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☑ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☐ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed. *See Attached*

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*Na*

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

*From March 13, 2020 until today. In the FCLEDc Facility.*

1. 4th Amendment - Objectively reasonable standards
2. 8th Amendment - Deliberate Indifference Standards
3. 14th Amendment - Professional Judgment Standards

II. D. Basis for Jurisdiction   Page 4 of 11 (Attached)

Defendant #1 Forsyth County Sheriff Department acted under color of state and local law by Jolly v Coughling 76 F.3d 468, 477. (2d Cir 1996) Stating jail officials have an obligation to protect prisoners from the "RISK" of an infectious disease. Helling v McKinney 509. U.S. 25, 33, 113 S.Ct 2475 (1993) stating courts condemning the failure by officials to keep separate prisoners with a contagious disease from other prisoners. DeGidio v Pung, 920 F.2d 525, 533 (8th Cir 1990) stating a consistent pattern of reckless or negligent conduct that establishes deliberate indifference. Alsina-Ortiz v LaBoy 400 F.3d 77, 81-82 (1st Cir 2005) stating high-level officials found deliberately indifferent when they knew of a continuing pattern of culpable failures by guards or other staff (such as a steady increase in positive Covid cases in FCLEDC for months). Bass by Lewis v Wallenstein 769. F.2d at 1184-86 stating administrators held liable for failures to act on previous warnings of inadequate care. Chavez v Cady, 207 F.3d 901-905 (7th Cir 2000) stating professional judgment standards is equal to those of the deliberate indifference standards.

Defendant #2 Bobby F. Kimbrough acted under color of state and local law by acted in violation of Jolly v Coughlin, 76 F.3d 468,477 (2d Cir 1996) stating jail officials have an obligation to protect the prisoners from a infectious disease outbreak and from the "RISK" soley. Helling v Mckinney, 509 U.S. 25,33,113 S.Ct 2475 (1993) courts condemn the failure by officials to seperate prisoners who have a contaigious disease from prisoner's who don't. DeGidio v Pung, 920, F.2d 525,533(8th Cir 1990) Stating consistent patterns of reckless or negligent conduct that establishes deliberate indifference. Alsina-Ortiz v LaBoy, 400 F.3d 77,81-82 (1st Cir 2005) stating high-level officials found deliberately indifferent when they knew of a continuing pattern of culpable failures (such as the continuous increase in positive COVID case in FCI-EDC yet no remedy was presented) by guards or other staff. Bass by Lewis V Wallenstein, 769 F.2d at 1184-86 stating that administrators can be held liable for failures to act on previous warnings of inadequate care (grievances, newspapers, social protesters). Chavez v Cady, 207 F.3d 901-905 (7th Cir 2000) stating professional judgment standards are equal to those of the deliberate indifference standards.

Defendant #3 Rocky Joyner acted under color of State and Local law by Jolly v Coughlin, 76 F.3d 468,477 (2d.Cir 1996) stating jail officials have an obligation to protect prisoners from the "RISK" of an infectous disease. Helling v McKinney, 509 U.S. 25, 33,113 S.Ct 2475 (1993) stating courts condemning the failure of officials that fail to seperate prisoners with a contaigous disease from other prisoners. DeGidio v Pung, 920 F.2d 525,533 (8th Cir 1990) stating consistent patterns of reckless or negligent conduct that establishes deliberate indifference. Alsina-Ortiz v LaBoy, 400 F.3d 77, 81-83 (1st Cir 2005) stating high-level officials found deliberately indifferent when they knew of a continuing pattern of culpable failures (such as the steady increase in the positive Covid cases in FCLEDC yet no reasonable remedy was presented) by guards and other staff. Bass by Lewis v. Wallenstein, 769 F.2d at 1184-86 stating administrator can be held liable for failures to act on previous warnings of inadequate care (such as criticism by grievances, media news/ newspapers and social protesting organizations.). Chavez v Cady, 207 F.3d 901-905 (7th Cir 2000) stating professional judgment standards are equal to those of the deliberate indifferent standards.

Defendant #4 Robert E. Slater acted under color of state and local law by Jolly v Coughling 76 F.3d 468, 477 (2d Cir 1996) stating jail officials have an obligation to protect prisoners from the "RISK" of an infectious disease - Helling v McKinney, 509 U.S. 25, 33, 113 S.Ct 2475 (1993) stating courts condemning failures by officials to seperate contaigrous diseased prisoners from other prisoner's, De Gidio V Pung, 920 F.2d 525, 533 (8th Cir 1990) stating consistent patterns of reckless or negligent conduct that establish deliberate indifference. Alsma-Ortiz v LaBoy, 400 F.3d 77, 81-82 (1st Cir 2005) stating high-level officials found deliberately indifferent when they knew of continuing patterns of culpable failures (such as a steady increase in positive Covid cases in FCLEDC yet no reasonable remedy was presented) by guards or other staffers. Bass by Lewis v Wallstein, 769 F.2d at 1184-86 stating administrators being held liable for failures to act on previous warnings of inadequate care (such as criticism from numerous grievances, media news/newspaper and social protesting organizations). Chavez v Cady 207, F.3d 901-905 (7th Cir 2000) stating professional judgment standards are equal to deliberate indifferent standards.

Defendant #5 Richard Carleton acted under color of
State and local law by Jolly v Coughlin, 76 F.3d 468, 477
(2d Cir. 1996) stating jail officials have an obligation to protect
prisoners from a "RISK" of an infectious disease. Helling v
McKinney, 509 U.S. 25, 33, 113 S.Ct 2475 (1993) stating courts
condemning the failures by officials to seperate prisoner's
who are infected with a contaigrous disease from other inmates.
De Gidio v Pung 920 F.2d 525, 533 (8th Cir 1990) stating
consistent pattern of reckless or negligent conduct that
establishes deliberate indifference. Alsina-Ortiz v LaBoy, 400.
F.3d 77, 81-82 (1st Cir 2005) high-level officials found deliberately
indifferent when they are found to have knew of a continuing
pattern of culpable failures (such as a steady increase in positive Covid
cases in FCIEDC facility, yet no remedy curbed the consistent rise)
by guards or other staffers. Boss by Lewis v Wallenstein, 769 F.2d
at '1184-86 stating administrators being held liable for
failures to act on previous warnings of inadequate care (such
as numerous grievances, criticism by media news/newpapers and
social protesting organizations). Chavez v Cady, 207 F.3d
901-905 (7th 2000) stating professionel judgment standards
are equal to those of the deliberate indifference standard.

Defendant #6 Billy Warren acted under color of State and local laws by Jolly v Coughlin, 26 F.3d 468, 477 (2d Cir 1996) stating jail officials have an obligation to protect prisoners from the "RISK" of an infectious disease. Helling v McKinney, 509 U.S.25, 33, 113 S.Ct 2475 (1993) stating Courts condemning the failure by officials to seperate contagious diseased prisoners from other prisoner's. DeGidio v Pung, 920 F.2d 525, 533 (8th Cir. 1990) stating consistent patterns of reckless or negligent conduct that establishes deliberate indifference. Alsina-Ortiz v LaBoy, 400 F.3d 77, 81-82 (1st Cir 2005) stating high-level officials found deliberately indifferent when they knew of a continuing pattern of culpable failures (such as a steady increase in positive COVID cases in FCLEDC without a reasonable or prompt remedy offered) by guards or other staffers. Bass by Lewis v Wallenstein, 769 F.2d at 1184-86 stating administrators being held liable for failures to act on previous warnings of inadequate care (such as numerous of grievances, criticism from media news/newspapers and social/protesting organizations for many months). Chavez v Cady, 207 ~~F~~ 901-905 (F.3d) (7th Cir 2000) Stating that the professional judgment standard is equal to the deliberate indifferent standard.

Defendant # 7 WellPath Health Care acted under color of State and local laws by Jolly v Coughlin, 76 F.3d 468,477 (2d.Cir 1996) stating jail officials (including medical providers) have an obligation to protect prisoners from the "RISK" of an infectious disease. Helling v McKinney, 509 US. 25,33,113 S.Ct 2475 (1993) stating courts condemning the failure by officials to seperate prisoner's with a contaigious disease from other prisoner's. DeGidio v Pung, 920 F.2d 525,533 (8th Cir 1990) Stating consistent patterns of reckless or negligent conduct that establishes deliberate indifference from culpable acts. Alsina-Ortiz v LaRoy, 400 F.3d 77,81-82 (1st Cir 2005) Stating high-level officials found deliberately indifferent when they knew of a continuing pattern of culpable failures (such as an increasing rate of positive Covid cases in FCLEDC facility for many months without any reasonable remedy being produced) by guards or other staffers. Bass by Lewis v Wallenstein, 769, F.2d at 1184-86 stating medical administrators being held liable for failures to act on previous warnings of inadequate care (such as hundreds of requests by inmates for face covers and the mandated order by Roy Cooper for mask covers). Chavez v Cady, 207 F.3d 901-905 (7th Cir 2000) stating that the professional Judgment standards are equal to those of the deliberate indifferent standards.

Defendant #1 Forsyth County Sheriff Department policies which govern the county jail operations allowed me to be housed in many different dorms with different cellmates which exposed me to COVID continuously being that I was restricted from exercising social distance. This defendant also established policies and procedures and practices that subjected me to exposure of COVID-19 when I was not allowed face covers as far back as March 2020 until June 2020 which was then ruled that I couldn't receive mask again although there was an executive order by the Governor of North Carolina since March 2020 which ordered mask covers manditorily in facilities where congregated living was a norm and social distancing was a challenge. No policies were created or enforced by this defendants administrative staff for manditory face covers of all staff members (which is where the initial outbreak originated from) even after the 11 officer outbreak, and prior to the massive 309 positive COVID-19 cases in FCLEDC. More recent even after contraction, I've been exposed to other COVID dangers by officers who tested positive and is still working around me while coughing and sneezing. Inmates who tested positive are all around me. I'm still being forced to share a cell, and for along time officers wore no mask while in close contact with inmates even after it was told to the media June 24, 2020 that all officers

Defendant # 2 Bobby Kimbrough. Knew from many complaints and grievances and letters and newsarticles that the officers were not wearing mask covers while in close contact with inmates which is the said number one reason for the massive outbreak in this facility. This defendant failed to adhere to Governors Executive order's 116 to respond properly to the State of emergency Covid-19 virus. He did not protect me but rather forced me into more fatally harmful direct exposure by taken away my right to wear a face cover and to exercise social distance when he decided to fill dorms to the maximum capacities where 2 inmates had to share 1 cell. He allowed many officers to continue to work here while having Covid-19. He allowed high-rank officials and subordinates to optionally wear face covers each day as they came into the facility from the streets. I contracted Covid-19 due to these select few patterns of harmful practices by this defendant. Despite much media criticism this defendant refused to act on particular complaints by inmates and instead subjected me and others to even worser conditions and to more direct risks. Now my health, life and future are uncertain as my anxiety and stress increases daily due to the fact that there is no cure for this disease known-yet I am still being

Defendant #3 Rocky Joyner had the authoritative position and power to intervene and enforce mandatory face-cover wearing by all staff especially when in close contact with the vulnerable inmates. Yet he did nothing to protect and prevent the inmates from the substantial "Risk" of harm by exposure to the COVID-19 virus.

This defendant similar to his colleagues showed blatant disregards for the Executive Orders 116 by Governor Roy Cooper to take proper precautions in response to the State of emergency COVID-19 virus. In which Mr. Cooper recommended and ordered that everyone working or living in public or private facilities where congregated living settings were normal and social distance was challenging - should wear a face-cover and also should practice social distance. This defendant did nothing to create a less crowded or congested facility nor did he enforce or create a policy that would make it mandatory for staff to wear a mask at all time, especially while in close contact with inmates. He contributed to creating an environment where worser harm was unacceptably more likely to occur amongst the inmate population in which happened when more than 309 inmates became infected in a short time span from November 2020 to February. Now I am constantly stressing as to what will become of my health, life and future being that there is no

Defendant # 4 Robert E. Slater  Knew that inmates were
not being kept the full 14 days in quarantine. He allowed
not penalties to be applied to staff who disregarded
the danger of not wearing a face cover while in
close contact with the vulnerable inmate population.
He did not enforce any sort of mandatory face-cover
wearing by all staff members and those who
enter the facility.

 This defendant was made aware that inmates
were leaving out of this facility and going to other
countries for more than 24 hours and upon their
return they were not tested for COVID. Some never
even went to quarantine rather went straight
back into general population. This conduct failed
gravely to protect me and others from the COVID virus
as records show FCLEDC is the leading facility
for correctional facilities in North Carolina for positive
COVID cases. This defendant knew that officers were
being allowed to return to work while COVID positive
or infected, and work in close contact with inmates
who were not permitted at times to wear a face-cover.

 This defendant actions and inaction similar to those
of his colleagues (superiors and subordinates) created an
enviroment where intentional harms and obvious dangers
were unacceptably more likely to occur amoungst the inmate
population. This harm and imminent threat became
reality from November 2020 to February 2021 where more than
309 positive Covid cases arose. I was one of them and was

Defendant #5 Richard Carleton since becoming the new Director of Detention Service Bureau (Major) here in FCLEDC the number of positive COVID cases has more than trippled and is still climbing which clearly shows a present danger by this Facilities administration staff and policies as well as patterned practices. I contracted Covid-19 January 5, 2021 after about a year of being healthy although I was subjected to the substantial "Risk" of harm by exposure to the Covid virus repeatedly prior to this defendant taking office. Since his attendance as Major I have witnessed inmates not being fully quarantined, (less than 14 days without being tested or retest for the COVID-19 Virus. Under this defendants authority I've noticed many sickly looking officer who willfully admits to having Covid-19 while coughing and seeming fatigued as if they are still actively able to transmit the virus. I am forced to share personal space with other inmates which jeopardizes them and myself and deminishes the chance for either of us to adequately practice social distance which was required by the Governor's Executive orders which this defendant totally disregarded. He failed to address and correct sanitation issues. He did respond to this serious outbreak properly inorder to protect me from the risk of an infectious disease as a result I was subjected to Covid on all sides (officer's and inmates) and now I have to live with a disease that has No known cure which leave my health, life and future uncertain as to whats to come! that could be done to protect me or other inmates.

C.    What date and approximate time did the events giving rise to your claim(s) occur? January 5, 2021
Tested positive (March 2020 — January 5, 2021) I was exposed to the COVID-19 virus.

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* I was not protected by FCSD policies, practices and procedures from a substantial risk of harm by exposure to COVID-19. I contracted the deadly virus. Over 309 Covid-19 cases arose in this facility. Now I have to live with a disease that has no cure.

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. Contracted Covid-19. Possible damage that's unknown to my respiratory system and other organs.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. See Attached

VI. Relief   Page 5 of 11 (Attached)

The Plaintiff request monetary relief for punitive and compensatory damages in the amounts of:

Defendant #1 Forsyth County Sheriff Department - $3 million Official Capacity

Defendant #2 Bobby F. Kimbrough - $600,000.00 Individual Capacity $700,000.00 Official Capacity

Defendant #3 Rocky Joyner - $500,000.00 Individual Capacity $700,000.00 Official Capacity

Defendant #4 Robert E. Slater - $400,000.00 Individual Capacity $600,000.00 Official Capacity

Defendant #5 Richard Carleton - $400,000.00 Individual Capacity $600,000.00 Official Capacity

Defendant #6 Billy Warren - $400,000.00 Individual Capacity $600,000.00 Official Capacity

Defendant #7 WellPath Health Care - $3 million: Official Capacity

Basis for Relief Claims: As an American citizen now infected by a worldwide pandemic virus, my health, life, and future is uncertain and I would like to be prepared for any future health crisis for myself and family that may derive from this COVID-19 virus infection. I also hope that the high-ranked officials who are in positions of power with the obligation to protect inmates lives, will act more responsibly with the very fragile yet vital responsibility to take care of such obligations.

**VII. Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). *Forsyth County Law Enforcement Detention Center*

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance?  In FCLEDC dorm 8A 22

2.  What did you claim in your grievance? I was forcefully exposed to Covid-19 virus. and that I contracted it. My anxiety levels has increased from uncertainties about my health, life and future. Also about being forced into having to be-celled in a cell with another inmate which has been one of my longago complaints being that it prohibits me from practicing social distance.

3.  What was the result, if any?

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

F.     If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

*N A*

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

*NA*

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*See Attached*

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

*NA*

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

*NA*

1.  Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment? *No*

☐ Yes

☑ No

D.     If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

N/A

1.  Parties to the previous lawsuit
    Plaintiff(s) _____
    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   _3/9/21_

Signature of Plaintiff   _Joaquin Vega-Rodriguez_

Printed Name of Plaintiff   _Joaquin Vega-Rodriguez_

Prison Identification #   _1086581_

Prison Address   _FCLEDC 201 North Church Street_
_Winston-Salem_            _NC_        _27101_
　　　　　　　　City　　　　　　　State　　　Zip Code

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Address   _____
　　　　　　　City　　　　　　　State　　　Zip Code

Telephone Number   _____

E-mail Address   _____